IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN GREGG,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL TRANSPORT LLC,<br><br>Defendant. | Case No. 1:24-cv-01925<br><br>Judge Elaine E. Bucklo<br><br>Magistrate Judge Gabriel A. Fuentes |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(h)(3)**

Defendant, Central Transport LLC ("Central Transport" or "Defendant"), by and through its undersigned counsel, Jason A. Selvey and Emma R. Graham of Jackson Lewis P.C., moves to dismiss Plaintiff's First Amended Complaint ("FAC" – Dkt. No. 16) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). In support, Central Transport states as follows:

1. As explained in more detail in Defendant's accompanying Memorandum of Law, on August 2, 2024, Illinois Governor J.B. Pritzker signed Illinois Senate Bill 2979 ("SB 2979") into law as Public Act 103-0769.

2. SB 2979 was overwhelmingly passed by the Illinois General Assembly at the express invitation of the Illinois Supreme Court in *Cothron v. White Castle Sys., Inc.,* 2023 IL 128004, ¶ 42, *as modified on denial of reh'g* (July 18, 2023), and made clear the legislature's intent regarding the assessment of damages under Section 20 of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA" or the "Act").

3. Specifically, the legislature clarified its original intent in passing the BIPA that where a private entity collects or discloses the same person's biometric identifier or biometric

1

information more than once using the same method of collection, that person is limited to, ***at most, one*** recovery. Thus, the Illinois General Assembly answered the call from the Illinois Supreme Court, clarifying that the BIPA does not—and never did—allow for an award of statutory liquidated damages on a "per-scan" or "per-use" basis.

4. SB 2979 makes clear that even assuming, *arguendo,* Plaintiff could prove that Central Transport violated Sections 15(b) and 15(d) of the BIPA with the requisite intent to support an award of statutory damages, Plaintiff can recover, at most, for *one* violation under Sections 15(b) and 15(d) of the BIPA. This is true now and was true at the time Plaintiff filed his FAC.

5. Accordingly, because it is legally impossible for Plaintiff to recover $75,000 in statutory damages in connection with the BIPA claims he has asserted against Central Transport, subject matter jurisdiction does not exist, either now or at the time Plaintiff filed his FAC. Thus, Plaintiff's FAC must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

WHEREFORE, for all the reasons stated herein, as well as in Defendant's accompanying Memorandum of Law, Defendant Central Transport LLC respectfully requests that the Court enter an Order dismissing this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), and granting Defendant any additional relief the Court deems just and appropriate.

Dated: September 19, 2024      **CENTRAL TRANSPORT LLC**

By: */s/ Jason A. Selvey*
One of Its Attorneys

Jason A. Selvey
Emma R. Graham

Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illlinois  60601
Tel.: 312.787.4949
Jason.Selvey@jacksonlewis.com
Emma.Graham@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I, Jason A. Selvey, an attorney, certify that on September 19, 2024, I caused a true and correct copy of the foregoing **Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3)** to be filed with the court by electronic filing protocols, and that the same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

By: */s/ Jason A. Selvey*