IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| John Gregg, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 24 C 1925 |
| | ) |
| Central Transport LLC, | ) |
| | ) |
| Defendant. | ) |

<u>Memorandum Opinion and Order</u>

John Gregg sued Central Transport LLC on March 7, 2024, for alleged violations of sections 15(a), 15(b), and 15(d) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq.* Due to intervening legislative developments, Central Transport now moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss the amended complaint for lack of subject-matter jurisdiction. For the reasons below, the motion is granted.

I.

The BIPA provides a private right of action as follows:

(a) Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court or as a supplemental claim in federal district court against an offending party. A prevailing party may recover for each violation:

> (1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater;
>
> (2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater;
>
> (3) reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses; and
>
> (4) other relief, including an injunction, as the State or federal court may deem appropriate.

740 Ill. Comp Stat. 14/20(a). In this suit, Gregg seeks liquidated, not actual, damages.

Like this one, many BIPA suits are based on employers' alleged use of fingerprint or other scanners to track the work of their employees. *See generally, e.g.*, *Herron v. Gold Standard Baking, Inc.*, No. 20 C 7469, 2024 WL 2113075 (N.D. Ill. May 9, 2024); *Castro v. El Milagro, Inc.*, No. 22 C 03943, 2023 WL 4625777 (N.D. Ill. July 19, 2023). Because in this context employees are often required to scan each workday, sometimes multiple times per day, an important question arose: do BIPA claims accrue each time there is a biometric scan and each time that scan is transmitted to a third party, or do those claims only accrue upon the first scan and transmission? The Seventh Circuit certified that question to the Illinois Supreme Court, which held in *Cothron v. White Castle System, Inc.*, 216 N.E.3d 918 (Ill. 2023), that "a separate claim accrues under the Act each time a private entity scans or transmits

2

an individual's biometric identifier or information in violation of section 15(b) or 15(d)." *Id.* at 920.

The *Cothron* court limited its holding to the accrual of claims under sections 15(b) and 15(d) and made no holding on the issue of damages. Nevertheless, the court acknowledged that its decision opened the door to "potentially excessive damage awards" under the BIPA. *Id.* at 929. As for whether such awards are indeed recoverable, the court deferred to the legislature, "respectfully suggest[ing] that the legislature review these policy concerns and make clear its intent regarding the assessment of damages under the [BIPA]." *Id.* at 929.

The legislature took up the invitation, and on August 2, 2024, Governor J.B. Pritzker signed Public Act 103-0769 ("PA 103-0769") into law.[1] PA 103-0769, which became effective immediately upon signature, adds the following language to section 20 of the BIPA:

> (b) For purposes of subsection (b) of Section 15, a private entity that, in more than one instance, collects, captures, purchases, receives through trade, or otherwise obtains the same biometric identifier or biometric information from the same person using the same method of collection in violation of subsection (b) of Section 15 has committed a single violation of subsection (b) of Section 15 for which the aggrieved person is entitled to, at most, one recovery under this Section.

---

[1] Before being signed into law, the amendment was often referred to as Senate Bill 2979 ("SB 2979"), including in some of the parties' submissions. The text of PA 103-0769 is available at: https://www.ilga.gov/legislation/publicacts/fulltext.asp?name=103-0769.

>     (c) For purposes of subsection (d) of Section 15, a
>     private entity that, in more than one instance,
>     discloses, rediscloses, or otherwise disseminates the
>     same biometric identifier or biometric information from
>     the same person to the same recipient using the same
>     method of collection in violation of subsection (d) of
>     Section 15 has committed a single violation of
>     subsection (d) of Section 15 for which the aggrieved
>     person is entitled to, at most, one recovery under this
>     Section regardless of the number of times the private
>     entity disclosed, redisclosed, or otherwise disseminated
>     the same biometric identifier or biometric information
>     of the same person to the same recipient.

The question now is whether PA 103-0769 applies in cases like this one, where the alleged conduct occurred and the complaint was filed before its enactment.

## II.

Central Transport argues that PA 103-0769 applies in this case. If so, then Gregg is limited to a single liquidated damages recovery for each of his three claims, and his case falls below the minimum amount in controversy required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Gregg rejects the notion that PA 103-0769 applies here, but does not contest that if it does, his basis for federal jurisdiction falls away.

### A.

In Illinois, there is a presumption that statutory amendments are "intended to change existing law." *People v. Stewart*, 215 N.E.3d 752, 758 (Ill. 2022) (citing *K. Miller Constr. Co. v. McGinnis*, 938 N.E.2d 471, 481 (Ill. 2010)). If the legislature has changed the law, courts must determine whether that change applies

4

retroactively, or only prospectively. The presumption does not apply, however, where "the circumstances surrounding the amendment" indicate that "the legislature intended merely to interpret or clarify the original act." *Id.* (citing *K. Miller Constr.*, 938 N.E.2d at 481). Where an amendment is "a clarification of the prior statute," it "must be accepted as a legislative declaration of the meaning of the original Act." *K. Miller Constr.*, 938 N.E.2d at 482. In that case, there is no need to determine whether the amendment should have retroactive effect because it is as if the amendment has been in place all along.

The Illinois Supreme Court has identified circumstances that "may indicate whether an amendment is merely a clarification rather than a substantive change in the law," including "'whether the enacting body declared that it was clarifying a prior enactment; whether a conflict or ambiguity existed prior to the amendment; and whether the amendment is consistent with a reasonable interpretation of the prior enactment and its legislative history.'" *Id.* at 481 (quoting *Middleton v. City of Chicago*, 578 F.3d 655, 663–64 (7th Cir. 2009)).

The latter two circumstances are present here. PA 103-0769 was adopted shortly after the Illinois Supreme Court expressly invited the legislature to "make clear its intent regarding the assessment of damages under the Act." *Cothron*, 216 N.E.3d at 929. That language underscores that the question of BIPA damages was at

5

least ambiguous; if it were not, there would be no point in asking for legislative clarification. Furthermore, it suggests that limiting damages, as PA 103-0769 does, is consistent with the BIPA's pre-amendment text. *See Cothron*, 216 N.E.3d at 929 ("[T]here is no language in the [BIPA] suggesting legislative intent to authorize a damages award that would result in the financial destruction of a business.").

Gregg is right that, "[w]hile the General Assembly can pass legislation to prospectively change a judicial construction of a statute if it believes that the judicial interpretation was at odds with legislative intent, it cannot effect a change in that construction by a later declaration of what it had originally intended." *Bates v. Bd. of Educ., Allendale Cmty. Consol. Sch. Dist. No. 17*, 555 N.E.2d 1, 4 (Ill. 1990) (citing *Roth v. Yackley*, 396 N.E.2d 520, 522 (Ill. 1979); *People v. Rink*, 455 N.E.2d 64, 68 (Ill. 1983)). But that is not what PA 103-0769 does. In *Cothron*, the court held that a BIPA claim *accrues* with each scan or transmission of biometric identifiers or information, but did not hold that plaintiffs are entitled to liquidated damages for every one of those violations. *See Rowe v. Papa John's Int'l, Inc.*, No. 23-cv-2082, 2024 WL 3925411, at *15 (N.D. Ill. Aug. 23, 2024) (observing that *Cothron* identified the possibility of large damages awards under the BIPA, but did not make a damages holding and ultimately deferred to the legislature on the issue). To the

6

contrary, as explained, the court expressly declined to decide that latter question and instead gave the legislature an opportunity to weigh in. That invitation would make little sense if, as Gregg asserts, *Cothron* left no room for clarification by the legislature. PA 103-0769 does not impact the accrual of BIPA claims, nor does it impact *Cothron*'s construction of the BIPA.[2] It simply clarifies that plaintiffs are entitled to a single recovery for violations caused by the collection or dissemination of the same biometric identifiers or information via the same method. *See Hayes v. CGB Enters., Inc.*, No. 23-cv-03296, 2024 WL 3540427, at *2 (C.D. Ill. July 25, 2024) ("[PA 103-0769] speaks to the assessment of damages, not to when BIPA claims accrue.").

Gregg further contends that some aspects of PA 103-0769 are inconsistent with *Cothron*'s holding that multiple collections or disseminations of the same biometric identifiers or information are each separate violations, but I need not address those concerns because the dispositive point remains as to the issue of damages: by inviting the legislature to "clarify" the issue of damages, the Illinois Supreme Court endorsed the view that the issue was

---

[2] For instance, *Cothron*'s accrual holding still dictates when BIPA claims are timely under the applicable statute of limitations. Under *Cothron*, a plaintiff may still bring a section 15(b) or 15(d) claim based on an alleged violation that occurred within the statute of limitations period, even if prior unlawful collection or dissemination occurred outside the statute of limitations window.

7

unsettled and that the legislature could permissibly settle it. PA 103-0769 does just that. Accordingly, the clarified intent enacted in PA 103-0769 must be applied as if it were clear from the date of the BIPA's enactment. *See K. Miller Constr.*, 938 N.E.2d at 482.

### B.

Given that PA 103-0769 applies to Gregg's case and that he alleges multiple instances in which the same biometric identifier or information was scanned or transmitted in the same manner, he cannot meet the minimum damages required to confer federal jurisdiction. More specifically, because of PA 103-0769 Gregg may recover one liquidated damages award for his section 15(b) claim and one for his section 15(d) claim, plus a single recovery for his section 15(a) claim.[3] Together, that amounts to a maximum recovery of $15,000, assuming that each violation is shown to have been reckless or intentional. Thus, it "appear[s] to a legal certainty" that Gregg cannot recover more than $75,000, so jurisdiction is lacking. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). In any event, Gregg makes no effort to argue that he can still meet the jurisdictional threshold even

---

[3] PA 103-0769 does not address recovery for section 15(a) claims, but that is likely because section 15(a), which concerns maintenance and application of a written policy, does not involve potentially discrete and recurring conduct like sections 15(b) and 15(d) do. A defendant either violates section 15(a) once, or does not violate it at all. In any event, Gregg nowhere suggests that his section 15(a) claim could provide the jurisdictional grounding for his case.

under PA 103-0769.[4] And while a plaintiff's uncontested good faith valuation of his claim usually controls, where a defendant challenges that valuation, "'the plaintiff must support [his] assertion with competent proof.'" *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (quoting *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995)); *see also Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (burden on party invoking federal jurisdiction to establish it). Additionally, the rule that a court accepts a plaintiff's good faith valuation does not apply where, as here, state law forecloses recovery of the claimed damages. *See Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 859 n.4 (7th Cir. 2018).

### III.

For the foregoing reasons, Central Transport's motion to dismiss for lack of subject-matter jurisdiction is granted. Because dismissal is on jurisdictional grounds, it is without prejudice.

---

[4] Nor does he make any suggestion that an opportunity to amend prior to dismissal would do any good.

9

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 13, 2024

10