**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN GREGG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:24-cv-01925 |
| v. | ) |
| | ) |
| CENTRAL TRANSPORT LLC, | ) District Judge Elaine E. Bucklo |
| | ) |
| Defendant. | ) Magistrate Judge Gabriel A. Fuentes |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO RECONSIDER, ALTER OR AMEND A JUDGMENT UNDER RULE 59(e)
AND FOR RELIEF FROM A JUDGMENT OR ORDER UNDER RULE 60(b)**

Jason A. Selvey
Emma R. Graham
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Phone: (312) 787-4949
Facsimile (312) 787-4995
Jason.Selvey@jacksonlewis.com
Emma.Graham@jacksonlewis.com

Defendant Central Transport LLC ("Central Transport" or "Defendant"), by and through its undersigned attorneys, Jason A. Selvey and Emma R. Graham of Jackson Lewis P.C., and for its response in opposition to Plaintiff's Motion to Reconsider, Alter or Amend a Judgment Under Rule 59(e) and for Relief from a Judgment or Order Under Rule 60(b), as supplemented (the "Motion", Dkt. Nos. 54, 56), states as follows:

## INTRODUCTION

On November 13, 2024, the Court entered an Order dismissing Plaintiff's First Amended Complaint for lack of subject matter jurisdiction. Specifically, the Court held correctly that Plaintiff's claims fail to meet the amount in controversy necessary to establish diversity jurisdiction under 28 U.S.C. 1332(a) because, as the Illinois General Assembly made clear in enacting Public Act ("P.A.") 103-0769, the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 15/1, *et seq.,* does not—and never did—authorize recovery of statutory, liquidated damages on a "per-scan" or "per-transmission" basis. This Court reached the correct conclusion that P.A. 103-0769 is a clarification of legislative intent regarding the assessment of damages under the BIPA, which must be accepted as a legislative declaration of what the BIPA has meant all along, including when Plaintiff filed his Complaint. As such, the Court properly dismissed Plaintiff's case for lack of subject matter jurisdiction because it is legally impossible for Plaintiff to meet the amount in controversy requirement. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938).

In his Motion, Plaintiff argues that the Court erred in dismissing his Complaint and asks the Court to vacate its Order under the extraordinarily high bars set by Federal Rules of Civil Procedure 59(e) and 60(b). Plaintiff does not surmount them, and the Court should deny Plaintiff's Motion. The Motion is premised on just two decisions issued by another judge in the Northern

1

District of Illinois after this Court's opinion: *Schwartz v. Supply Network, Inc.,* Case No. 23 CV 14319, 2024 U.S. Dist. LEXIS 213002 (N.D. Ill. Nov. 22, 2024) and *Blocker v. Biomat USA, Inc.*, Case No. 24 CV 2676 (N.D. Ill. Dec. 6, 2024). Plaintiff's Motion must fail because these decisions (1) are not controlling precedent that bind this Court, (2) misapply the controlling legal principles, and (3) do not otherwise justify reconsideration of this Court's ruling under the standards governing Rules 59(e) and 60(b). Indeed, neither Plaintiff's Motion, nor the two decisions upon which it relies, identify any misapplication of controlling legal principles by this Court or demonstrate any manifest error of law in its decision.

To the contrary, the *Schwartz* and *Blocker* decisions are fundamentally flawed and should be disregarded. Those decisions misapply applicable legal doctrines and, importantly, the Illinois Supreme Court's decision in *Cothron v. White Castle Sys.*, 2023 IL 128004, *as modified on denial of reh'g* (July 18, 2023). They also misconstrue the circumstances under which P.A. 103-0769 was enacted by the General Assembly at the Illinois Supreme Court's express invitation that the legislature "make clear its intent regarding the assessment of damages under the Act." *Cothron*, 2023 IL 128004, ¶ 42. Those decisions also misconstrue the state of the law prior to the enactment of P.A. 103-0769 and the factors used to determine if a statute is clarifying. They certainly do not demonstrate that P.A. 103-0769 was a change in law, as opposed to a clarification of legislative intent, or that this Court made any error at all, let alone one warranting reconsideration of this Court's prior Order. As such, and as further articulated below, Plaintiff fails to present any basis for this Court to grant the "extraordinary relief" contemplated by Rules 59(e) or 60(b).

## BACKGROUND

On March 7, 2024, Plaintiff John Gregg ("Plaintiff") and then-Plaintiff Rashaan Edwards filed their three-count Complaint. Subsequently, after Plaintiff Edwards was dismissed from the

2

case, Plaintiff Gregg filed a three-count FAC on May 10, 2024, alleging that Central Transport violated Sections 15(a), (b), and (d) of the BIPA. ("FAC" – Dkt. No. 16). In his FAC, Plaintiff invoked the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), claiming that diversity jurisdiction exists because "the matter in controversy exceeds $75,000 exclusive of punitive damages, and/or interest and costs and is between citizens of different States." (*Id.*, ¶ 4.) To meet the amount in controversy requirement, Plaintiff alleged that he is entitled to statutory liquidated damages for each of "not less than 700 BIPA violations[.]" (*Id.*, ¶ 4, n. 1.) Specifically, Plaintiff alleged that a violation of subsection 15(b) of the BIPA, for which he could recover a separate award of statutory liquidated damages, occurred each time he used the purported biometric clock, which he claims he did no less than four times each working day. (*Id.* ¶¶ 13, 67.) Plaintiff similarly alleged that a violation of subsection 15(d) for which he could recover a separate award of statutory liquidated damages occurred each time his purported biometric data was allegedly disseminated to a third party. (*Id.*, ¶ 78.)

On May 16, 2024, the Illinois General Assembly passed Senate Bill 2979 ("SB 2979") by an overwhelming majority following the express invitation of the Illinois Supreme Court in *Cothron* that the legislature "make clear its intent regarding the assessment of damages" under Section 20 of the BIPA. *See* Dkt. 42, Ex. A; 2023 IL 128004, ¶ 42. The Illinois General Assembly did just that when it passed SB 2979, which added language to Section 20 of the BIPA stating, *inter alia,* that where a private entity collects or discloses the same biometric data from the same person more than once using the same method, that person is limited to ***at most, one*** recovery. Pritzker signed SB 2979 into law as P.A. 103-0769 on August 2, 2024. *See* Dkt. 42, Ex. A.

On September 19, 2024, Central Transport moved to dismiss Plaintiff's FAC for lack of subject matter jurisdiction. In his response, as in his present Motion, Plaintiff argued that SB

3

2979/P.A. 103-0769 constitutes a substantive change to the BIPA and therefore cannot be applied "retroactively" to his case. (Dkt. 49, pp. 3-8.)

On November 13, 2024, the Court entered an order holding that the clarifying language of P.A. 103-0769 applies to this matter even though it was filed before the law was enacted and dismissed this action for lack of subject matter jurisdiction. (Dkt. 53.)

## LEGAL STANDARD

Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." Dkt. 54, p. 2, citing *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). To prevail on a Rule 59(e) motion, Plaintiff must establish the Court committed a "manifest error" of law or fact. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "Manifest error of law" means a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id*. A Rule 59(e) motion may not be used to "rehash" previously rejected arguments. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014). Further, a "manifest error is not demonstrated by the disappointment of the losing party." *Oto*, 224 F. 3d at 606.

Similarly, "[r]elief under Rule 60(b) is an extraordinary remedy reserved for extraordinary circumstances." *Word Seed Church & Civil Liberties for Urban Believers v. Homewood*, 43 F.4th 688, 690 (7th Cir. 2022) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Rule 60(b) authorizes relief from a final order under limited circumstances including "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "Although Rule 59(e) and 60(b) have similar goals, Rule 60(b) motions are generally subject to a higher standard of proof." *Tartt v. Nw. Cmty. Hosp.*, 79 F. App'x 219, 221 (7th Cir. 2003).

**ARGUMENT**

I. **Plaintiff's Motion Merely Rehashes Arguments Previously Rejected by the Court, Fails to Present Sufficient Justification for the "Extraordinary Relief" Requested.**

Neither Rule 59(e) nor Rule 60(b) authorizes Plaintiff to rehash arguments that have already been considered and rejected by the Court. *Vesely*, 762 F.3d at 666 (7th Cir. 2014) (denying Rule 59(e) motion). Yet, that is exactly what Plaintiff's Motion does. Plaintiff argues in his Motion, as he did in the brief he submitted to the Court on October 11, 2024, that P.A. 103-0769 is a substantive amendment to the BIPA, not a legislative clarification, which therefore cannot be applied retroactively. (*Compare*, Mot., pp. 3-7 *with* Dkt. 49.) Thus, Plaintiff argues, at the time he filed his Complaint, he had a good faith basis to allege that he could recover a separate award of statutory liquidated damages for each time he scanned his finger on the purported biometric timeclock, which he claims is all that is needed to satisfy the amount in controversy requirement. (*Id.* at 8.) These are the *exact* same arguments that the Court already considered and rejected in dismissing Plaintiff's FAC when it expressly held that it cannot accept Plaintiff's "good faith valuation" of his claim "where, as here, state law forecloses recovery of the claimed damages." *Gregg*, 2024 U.S. Dist. LEXIS 206003, at *9.

Plaintiff now attempts to bolster these arguments that the Court previously rejected with two recent decisions issued by another court in this District. *See* Dkt. 54, citing *Schwartz,* Case No. 23 CV 1439; Dkt. 56 (citing *Blocker*, Case No. 24 CV 2676). In *Schwartz* and *Blocker*, the district court concluded that P.A. 103-0769 is a substantive change in the law, not a legislative clarification, and therefore cannot be applied retroactively. However, neither decision presents the "extraordinary circumstances" necessary to provide relief under Rules 59(e) or 60(b). The law is clear that a decision from another district court judge is not a proper basis for a Rule 59(e) motion based on a manifest error of law because "[s]uch case law is not controlling precedent." *Murray v.*

5

*GMAC Mortg. Corp.*, 2005 U.S. Dist. LEXIS 28249, *6 (N.D. Ill. Nov. 11, 2005) (rejecting motion for reconsideration and holding that "simply because another district court dealt with [a similar issue in] another matter in a different fashion does not render this court's course of action improper"); *see also Schulz v. Availl, Inc. Long Term Disability Plan*, 790 F. Supp. 2d 697, 706-07 (N.D. Ill. 2011) (denying Rule 59(e) reconsideration which was premised upon the court's alleged misapprehension of a decision by another district court, noting that "because [the decision of another district court judge] is not controlling, it cannot be the basis for relief under Rule 59(e)").

Similarly, the Seventh Circuit has held that merely because a litigant was successful in their arguments in a parallel suit before a different court does not present the "extraordinary circumstances" necessary to grant relief under Rule 60(b). *Word Seed Church*, 43 F.4th at 690. It is well-settled that a litigant can rarely obtain relief under Rule 60(b) simply because later authority shows that one of the judgments may have been incorrect. *Gonzalez*, 545 U.S. at 535-36; *Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013); *see also Dolin v. GlaxoSmithKline, LLC*, 951 F.3d 882, 891 (7th Cir. 2020) (citation omitted) ("[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)"). Rather, the proper method for resolving different judges' answers about controlling legal rules and principles is through timely appeals. *Word Seed Church*, 43 F.4th at 690.

## II. The *Schwartz* and *Blocker* Decisions Are Flawed in Their Reasoning.

Even assuming *arguendo* the Court were to agree that the decisions of another district court provide grounds for reconsideration of this Court's prior ruling, the Court should reject the flawed analysis in *Schwartz* and *Blocker*. Plaintiff concedes that the threshold question the Court was required to decide with respect to the applicability of P.A. 103-0769 is whether the Act is a clarification of legislative intent or a substantive change to the law. (Mot. at 3.) As this Court

recognized, if P.A. 103-0769 merely clarifies the original intent of the BIPA, then it applies to Plaintiff's case "as if it were clear from the date of the BIPA's enactment" and "there is no need to determine whether the amendment should have retroactive effect because it is as if the amendment has been in place all along." *Gregg*, 2024 U.S. Dist. LEXIS 206003, at **5, 8 (citing *McGinnis*, 938 N.E. 3d at 482). Plaintiff does not argue otherwise. The Motion, and the *Schwartz* decision upon which it relies, acknowledges that the Court applied the correct legal framework to this threshold question by analyzing the three factors articulated by the Illinois Supreme Court in *McGinnis*: (1) "whether the enacting body declared that it was a clarifying a prior enactment"; (2) "whether a conflict or ambiguity existed prior to the amendment"; and (3) "whether the amendment is consistent with a reasonable interpretation of the prior enactment and its legislative history." 938 N.E.2d at 482. (Mot. at 3 (citing *Schwartz*, **5-6.))

Nonetheless, Plaintiff asks the Court to vacate its Order merely because another judge in this District reached a different conclusion when applying the *McGinnis* factors to the question regarding the applicability of P.A. 103-0769. As set forth above, the fact that another district court reached a different conclusion regarding the applicability of P.A. 103-0769 is not a sufficient reason for this Court to vacate its dismissal Order under either Rule 59(e) or 60(b) as those decisions are not controlling precedent or binding on this Court. Indeed, the district court in *Schwartz* acknowledged its awareness of the holding in *Gregg. Schwartz*, Case No. 23 CV 1439, at *7. Yet, the district court reached a different conclusion in *Schwartz* and *Blocker,* unconstrained by this Court's prior rulings, which were not binding on that court.

Moreover, to the extent this Court is inclined to consider the *Schwartz* and *Blocker* decisions, their analysis is fundamentally flawed for several reasons. *First*, the circumstances surrounding the enactment of P.A. 103-0769 and its legislative history make clear that it was

7

intended as a declaration from the Illinois legislature as to its original intent regarding the assessment of damages under the BIPA and, thus, the first *McGinnis* factor is satisfied.

*Second,* the district court's analysis in *Schwartz* regarding the second *McGinnis* factor is flawed because *Cothron* did not decide the question of how damages should be assessed under Section 20 of the BIPA, but instead expressly invited the Illinois legislature to clarify its intention with respect to the same, finding the statute to be ambiguous as to that issue.

*Finally*, *Schwartz* and *Blocker* misinterpret the third *McGinnis* factor and fail to consider the legislative history and circumstances surrounding the enactment of P.A. 103-0769, including that it is consistent with the Illinois Supreme Court's reasonable interpretation of the BIPA prior to its enactment; namely that "there is no language in the [BIPA] suggesting legislative intent to authorize a damages award that would result in the financial destruction of a business." *Cothron,* 2023 IL 128004, ¶ 42.

### A. Factor One: The Circumstances Under Which P.A. 103-0769 Was Enacted and Its Legislative History Make Clear That It Was Enacted to Clarify the Legislature's Original Intent Regarding the Assessment of Damages Under the BIPA.

Relying on the transcript of the debate in the Illinois House of Representatives debate on SB 2979, *Blocker* (but not *Schwartz*) addressed the legislative history of P.A. 103-0769. The *Blocker* Court did so despite also asserting it could not consider such statements authoritative in determining whether the legislature intended P.A. 103-0769 to clarify or change the law, making its analysis *dicta*. (Dkt. 56-1, 2, n. 1.) Regardless, the *Blocker* court's analysis is incomplete and does not represent the full picture of the legislative history available – which supports this Court's conclusion that P.A. 103-0769 was only intended to be a clarification of legislative intent.

*Blocker* selectively cites to answers to two questions by Rep. Ann Williams, a sponsor of the bill, acknowledging that the bill had no "retroactivity provision" and agreeing that it would not "apply retroactively." Transcript of Illinois House of Representatives Debate, attached as Exhibit

8

A ("Ex. A"), p. 46. However, *Blocker* neglected to cite or consider statements by Rep. Williams which make clear that the bill was meant to clarify the original intent of the BIPA. Those statements were made during the same debate in prepared remarks at both the opening and closing of her speech. Additional comments by other sponsors of the bill, both in debate and not, demonstrate the legislative intent shown in the record – that the bill clarified the legislature's intent. *Id.* at pp. 44-45, 49-50. Ultimately, the *Blocker* court reached unsupported conclusions based on a cherry-picked view of P.A. 103-0769's legislative history, drawn from selectively cited portions of the Illinois House of Representatives debate on SB 2979. *See* Dkt. 56, ¶ 6; *Blocker* Order at p. 2 (quoting Rep. Williams' statements regarding "retroactivity" in regard to S.B. 2979, but not the multiple statements made by Reps. Williams and Abdelnasser Rashid – another sponsor of the bill – during the same hearing indicating the bill is clarifying).

To the extent statements of legislators, in and out of debates, are used to demonstrate legislative intent, two things are clear. First, the selective excerpts from a legislative debate cited in *Blocker* do not change legislators' contemporaneous public comments, including those of sponsors, that the legislature intended the Act to clarify what BIPA meant all along, which mirrored the statements of what was said on the House floor. *See* Dkt. 42 at 7-8; Ex. A, pp. 44-45, 49-50. Second, the *Blocker* Court and Plaintiff put undue weight on a few statements by Rep. Williams while she was being peppered with questions from other representatives rather than statements she made in her prepared opening and closing remarks that make clear the legislative intent is that P.A. 103-0769 is clarifying in nature. Ex. A, pp. 44-45. Specifically, the same May 16, 2024 debate transcript cited by the *Blocker* court and in Plaintiff's Motion shows Rep. Williams supporting this Court's interpretation of SB 2979 at the beginning of her speech:

9

> This Bill is simply a response to the court's invitation to address liability, *clarify the intent that we have regarding damages for each violation. This Bill does that…*

*Id.,* p. 44 (emphasis added). Rep. Williams reiterated the point and confirmed the legislative action was taken at the Illinois Supreme Court's request that the legislature clarify BIPA's damages provision. *Id.*, pp. 49-50 (answering "yes" when asked if the bill "clarif[ies] [the] intention [of the Illinois General Assembly] that the availability of discretionary liquidated damages serves to deter future violations without destroying a defendant's business"); *Id.*, p. 52 (SB 2979 "addresses the invitation by the court to address damages, and that's exactly what we're doing here").

With a full view of the record, not only the pieces cherry-picked by Plaintiff, it cannot be disputed that Rep. Williams began her remarks—made immediately before a final vote was taken in the House of Representatives—by discussing how the bill was simply a clarification in response to *Cothron,* mirroring public statements made by Rep. Williams and other sponsors of the bill. (Dkt. 42 at p.7-8 (quoting multiple legislators)). Moreover, the legislators were consistent. Neither *Blocker* nor Plaintiff show any dissention suggesting that their comments are not indicative of the legislature's intent. For example, Rep. Rashid, another sponsor of SB 2979, aptly noted, both on the House floor and in statements made to the press, that the bill "adds much needed clarity that helps small businesses operate in a more predictable regulatory environment." Ex. A, p. 52. This consistency furthers the import of statements made by multiple legislators, both on the House floor and to the press, and puts on view the error committed in *Blocker* with its selective reliance on the legislative record. Ex. A, pp. 44-45, 49-50, 52. There was no need for the legislature to include language about retroactivity in P.A. 103-0769 where it was intended as a clarification of the legislature's intent, and what Rep. Williams said in response to questions about an irrelevant point

10

is of no consequence. Because P.A. 103-0769 merely clarifies what the legislature intended all along, there was no need to include excess language about retroactivity.

Respectfully, of the two opinions relied upon by Plaintiff, *Schwartz* did not reference the House statements, and *Blocker* overlooked statements of the bill's sponsors regarding its clarifying intent. *Blocker*, Case No. 24 CV 2676, Dkt. No. 56, Ex. A. In this way and as demonstrated above, *Schwartz* and *Blocker* misapplied the relevant legal framework while this Court's analysis was correct, as confirmed by the legislative history of P.A. 103-0769. Plaintiff has not carried his burden of demonstrating that this is an "extraordinary" case justifying relief under Rule 59(e) or 60(b) with respect to this first *McGinnis* factor or the question of legislative intent.

**B. Factor Two: Whether BIPA Authorized Recovery of Statutory Liquidated Damages on a "Per-Scan" Basis Was Ambiguous Prior to the Enactment of P.A. 103-0769.**

The Motion and *Schwartz* and *Blocker* suffer from a fundamental misunderstanding of what *Cothron* did—and, importantly, did *not*—hold.[1] Plaintiff argues that the second *McGinnis* factor weighs in favor of holding that P.A. 103-0769 "changed" the BIPA instead of clarifying it because the meaning of Section 20 was not ambiguous or in conflict prior to its enactment. (Mot., 4-8.) According to Plaintiff, and the *Schwartz* and *Blocker* decisions on which he relies, *Cothron* held that the BIPA unambiguously authorized the possibility of damages on a "per-scan" basis. Mot. at 5; *Schwartz,* 2024 U.S. Dist. 213002, *6 ("Simply put, *Cothron* saw no ambiguity in the text of the Act itself"). This is simply incorrect and misconstrues the holding in *Cothron*.

In *Cothron*, the Illinois Supreme Court was asked to decide a singular question certified to it by the Seventh Circuit: "Do section 15(b) and 15(d) claims accrue each time a private entity

---

[1] In *Schwartz,* the court held that "[t]he parties agree that the Act as amended does away with *Cothron's* 'per-scan' theory of violation…" 2024 U.S. Dist. LEXIS 213002, at *3. That statement, as written, is not accurate and, respectfully, demonstrates the *Schwartz* court's misapprehension of the holding in *Cothron,* which decided the issue of claim accrual, but did not address the issue of what constitutes a "violation" of the BIPA for which statutory liquidated damages could be sought.

11

scans a person's biometric identifier and each time a private entity transmits such a scan to a third party, respectively, or only upon the first scan and first transmission?" 2023 IL 128004, ¶1. The Illinois Supreme Court answered the certified question by holding that "a separate claim accrues under the Act each time a private entity scans or transmits an individual's biometric identifier or information in violation of section 15(b) or 15(d)." *Id.* at ¶¶ 43-44. The *Cothron* Court did *not* hold, as Plaintiff suggests and the court in *Schwartz* and *Blocker* incorrectly concludes, that prevailing plaintiffs are entitled to seek recovery of statutory liquidated damages for each of those scans or transmissions. That question was simply not before the Illinois Supreme Court in *Cothron.* While the Illinois Supreme Court found no ambiguity in the plain language of the BIPA with respect to the issue of when a claim under subsections 15(b) and 15(d) of the BIPA accrues, the same was not true with respect to the assessment of damages under the Act. As this Court correctly noted, "the question of BIPA damages was at least ambiguous; if it were not, there would be no point in asking for legislative clarification." *Gregg,* 2024 U.S. Dist. LEXIS 206003, at *5-6.

Moreover, the Illinois Supreme Court expressly recognized the ambiguity regarding the potential damages the legislature intended to authorize in Section 20 of the BIPA, particularly in light of its holding in *Cothron* with respect to claim accrual. As a result, the Court looked to legislative intent as expressed in the statute, which it found to be contradictory and ambiguous. On one hand, the Illinois Supreme Court observed, the availability of statutory liquidated damages on a "per-scan" basis may fulfill the legislature's goal of incentivizing compliance with the Act. *Id.* at ¶ 41. On the other, the Illinois Supreme Court could not conclude that the legislature intended "to authorize a damages award that would result in the financial destruction of a business." *Id.* at ¶ 42. After pointing out this ambiguity on the issue of potential damages, the Illinois Supreme Court called on the legislature to "make clear its intent regarding the assessment of damages under

12

the Act." *Id*. at ¶ 43. As this Court observed correctly, P.A. 103-0769 "was adopted shortly after the Illinois Supreme Court expressly invited the legislature to 'make clear its intent regarding the assessment of damages under the Act.'" *Gregg,* 2024 U.S. Dist. LEXIS 206003, at *5 (citing *Cothron,* 216 N.E.3d at 929). This is consistent with statements made by several sponsors of S.B. 2979, both in the legislative record and to members of the press. *See section* II.A.*, supra.*

Plaintiff argues, as he did in earlier briefs already considered by this Court, that P.A. 103-0769 abrogates the holding in *Cothron*. (*Compare* Mot. at 6-7 *with* Dkt. 49.) Respectfully, both Plaintiff and the district court in *Schwartz* and *Blocker* are wrong. As this Court correctly observed, P.A. 103-0769 has no effect on the holding in *Cothron*, which still stands. As this Court noted previously, "[u]nder *Cothron*, a plaintiff may still bring a section 15(b) or 15(d) claim based on an alleged violation that occurred within the statute of limitations period, even if prior unlawful collection or dissemination occurred outside the statute of limitation window." *Gregg*, 2024 U.S. Dist. LEXIS 206003, at *8, no. 2; *see also Hayes v. CGB Enters., Inc.*, No. 23-cv-03296, 2024 WL 350427 (C.D. Ill. July 25, 2024) ("[PA 103-0769] speaks to the assessment of damages, not to when BIPA claims accrue"). This Court determined correctly that P.A. 103-0769 clarified the ambiguity in the BIPA regarding the assessment of damages, an ambiguity that remained after (and was in fact expressly recognized by) the Illinois Supreme Court's decision in *Cothron*.

### C. Factor Three: The Conclusion that Per-Scan Damages Are Not Recoverable Was a Reasonable Interpretation of the BIPA Prior to the Enactment of P.A. 103-0769.

The third *McGinnis* factor asks "whether the amendment is consistent with a reasonable interpretation of the prior enactment and its legislative history." 938 N.E.2d at 482. Plaintiff argues that this factor is not satisfied because there is no express text in P.A. 103-0769 stating that the legislature intended to clarify, rather than amend, the statute. (Mot. at 9.) However, that is not what this factor requires the Court to analyze. Rather, the Court, as it did, must look to whether P.A.

13

103-0769 is consistent with a reasonable interpretation of the BIPA and its legislative history prior to the enactment of P.A. 103-0769. *Gregg*, 2024 U.S. Dist. 206003, at *6-7.

This Court found correctly that prior to the enactment of P.A. 103-0769, it was a reasonable interpretation that Section 20 did not authorize a plaintiff to recover statutory liquidated damages for each scan or transmission. *Schwartz* acknowledges as much. 2024 U.S. Dist. LEXIS 213002, at *6 (recognizing "the amendment is arguably 'consistent with a reasonable interpretation of the prior enactment and legislative history'"). "Violation" as used in BIPA was undefined and subject to more than one interpretation, as the Illinois Supreme Court noted in *Cothron*. Moreover, as *Cothron* recognized, there is nothing in the BIPA that suggests the legislature intended to authorize the recovery of damages that would result in the destruction of a business, something Rep. Williams noted during the debate prior to the Illinois House of Representatives passing S.B. 2979. 2023 IL 128004, ¶ 41; *see* Ex. A, pp. 49-50 (Rep. Williams answered "no" when asked whether S.B. 2979 "suggest[ed] any legislative intent to authorize a damages award that would result in the financial destruction of a business")**.** Indeed, Plaintiff's interpretation of Section 20 prior to the enactment of P.A. 103-0769 is the unreasonable one, requiring the Court to accept the legislature intended to authorize a single Plaintiff to potentially recover – under his theory of damages – at least $15 million in statutory liquidated damages, which grossly exceeds the amount Plaintiff earned during the time he worked for Defendant, as a result of Defendant's alleged violations of the BIPA with respect to him alone. (*See* FAC ¶ 4, n. 1, in which Plaintiff contends that "there were not less than 700 BIPA violations" for which Plaintiff seeks a separate recovery of $5,000.)

### III. Because P.A. 103-0769 Is A Clarification, The Court Need Not Reach Retroactivity Analysis and There Is No Due Process Issue Implicated, As the Court Held Correctly.

Plaintiff further argues that the *Schwartz* court held that under the Illinois Statute on Statutes, a legislative enactment that does not expressly state it is a clarification cannot be

14

considered clarifying and that a court cannot hold that an enactment is clarifying if it does not expressly prescribe its temporal reach. (Mot. at 9 (citing 5 ILCS 70/4.)) This statement distorts the *Schwartz* opinion. In *Schwartz,* the court recognized that, under Illinois law, a court must first determine whether the legislative enactment clarifies or changes the law. 2024 U.S. Dist. LEXIS 213002, at *8. Only if the enactment changes the law does the court address whether the amendment is retroactive, which implicates the Illinois Statute on Statutes and analysis regarding whether the amendment is procedural or substantive. *Id.* Citing *Schwartz,* Plaintiff accuses this Court of "end-running [the] *Landgraf* analysis" and the question of whether P.A. 103-0769 is retroactive. (Mot. at 14-15.) But *Schwartz*, like this Court, recognizes a court cannot reach the question of retroactivity unless it determines the legislative enactment changes, rather than clarifies, the law. 2024 U.S. Dist. LEXIS 213002, at *8. As such, the application of PA 103-769 does not raise any constitutional concerns because it does not affect a substantive change in the law that would impair vested rights. *Gregg*, 2024 U.S. Dist. LEXIS 206003, at *6-7.

Dated: January 16, 2025

Respectfully submitted,

**CENTRAL TRANSPORT LLC**

By: /s/ *Jason A. Selvey*
One of Its Attorneys

Jason A. Selvey
Emma R. Graham
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL  60601
Phone: (312) 787-4949
Jason.Selvey@jacksonlewis.com
Emma.Graham@jacksonlewis.com

15

**CERTIFICATE OF SERVICE**

I, Jason A. Selvey, an attorney, certify that on January 16, 2025, I caused a true and correct copy of the attached ***Defendant's Response in Opposition to Plaintiff's Motion to Reconsider, Alter or Amend a Judgment Under Rule 59(e) and for Relief from a Judgment or Order Under Rule 60(b)*** to be filed with the Clerk of Court using the Electronic Filing System, which will send notification of such filing to all counsel of record.

/s/ *Jason A. Selvey*