**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN GREGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:24-cv-01925 |
| v. | ) | |
| | ) | |
| CENTRAL TRANSPORT LLC, | ) | Hon. Judge Elaine E. Bucklo |
| | ) | |
| Defendant. | ) | Magistrate Judge Gabriel A. Fuentes |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OR RELIEF FROM JUDGMENT**

Defendant Central Transport LLC ("Defendant"), by and through its undersigned attorneys, Jason A. Selvey and Emma R. Graham of Jackson Lewis P.C., hereby moves to strike Plaintiff's Reply to Defendant's Response in Opposition to Motion to Alter or Amend a Judgment Under Rule 59(e) and for Relief from Judgment or Order Under Rule 60(b), (Dkt. 65). In support of this Motion, Defendant states as follows:

**INTRODUCTION**

Rather than attempt to respond to Defendant's arguments in opposition to Plaintiff's Motion to Reconsider head on, the Reply makes entirely new arguments based on *four* new exhibits – a purported audio recording and transcript of the Illinois Senate floor debate on P.A. 103-0769 and two unpublished, non-precedential decisions issued by the Circuit Court of Cook County. The Court should strike Plaintiff's Reply because it is premised on these new exhibits and arguments, which Defendant did not have an opportunity to address in its Response to Plaintiff's Motion to Reconsider. It is well-established that arguments and evidence raised for the first time in a Reply brief are waived. Moreover, the Court should not consider the audio recording or the transcript of the purported Illinois Senate floor debate because Plaintiff fails to properly authenticate this

evidence. In the alternative, if the Court declines to strike the Reply in its entirety, Defendant requests leave to file a sur-reply so that it may have a fair opportunity to respond to Plaintiff's arguments based on the new case law and exhibits attached for the first time to the Reply.

**BACKGROUND**

On March 7, 2024, Plaintiff John Gregg ("Plaintiff") and then-Plaintiff Rashaan Edwards filed their three-count Complaint. Subsequently, after Plaintiff Edwards was dismissed from the case, Plaintiff Gregg filed a three-count FAC on May 10, 2024, alleging that Central Transport violated Sections 15(a), (b), and (d) of the BIPA. ("FAC" – Dkt. 16). In his FAC, Plaintiff invoked the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), claiming that diversity jurisdiction exists because "the matter in controversy exceeds $75,000 exclusive of punitive damages, and/or interest and costs and is between citizens of different States." (*Id.*, ¶ 4.) To meet the amount in controversy requirement, Plaintiff alleged that he is entitled to statutory liquidated damages for each of "not less than 700 BIPA violations[.]" (*Id.*, ¶ 4, n. 1.) Plaintiff alleged that a violation of subsection 15(b) of the BIPA, for which he contends he could recover a separate award of statutory liquidated damages, occurred each time he used the time clock at issue, which he claims he did no less than four times each working day. (*Id.* ¶¶ 13, 16.) Plaintiff also alleged that a violation of subsection 15(d), for which he contends he could recover a separate award of statutory liquidated damages, occurred each time his purported biometric data was allegedly disseminated to a third party. (*Id.*, ¶ 75.)

On November 13, 2024, the Court entered an Order dismissing Plaintiff's FAC for lack of subject matter jurisdiction. (Dkt. 53.) Specifically, the Court correctly held that Plaintiff failed to meet the amount in controversy necessary to establish diversity jurisdiction under 28 U.S.C. 1332(a) because, as the Illinois General Assembly made clear in enacting Public Act ("P.A.") 103-

0769, the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 15/1, *et seq.*, does not—and never did—authorize recovery of statutory, liquidated damages on a "per-scan" or "per-transmission" basis. This Court reached the correct conclusion that P.A. 103-0769 is a clarification of legislative intent regarding the assessment of damages under the BIPA, which must be accepted as a legislative declaration of what the BIPA has meant all along, including when Plaintiff filed his Complaint. As such, the Court properly dismissed Plaintiff's case for lack of subject matter jurisdiction because it is legally impossible for Plaintiff to meet the amount in controversy requirement. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

On December 5, 2024, Plaintiff filed a Motion to Reconsider Alter or Amend a Judgment Under Rule 59(e) for Relief from a Judgment or Order Under Rule 60(b). (Dkt. 54.) In his Motion to Reconsider, Plaintiff asked the Court to set aside its Order dismissing his case because another district court concluded that P.A. 103-0769 cannot be applied "retroactively" to cases filed prior to the amendment. (Dkt. 54, citing *Schwartz v. Supply Network, Inc.*, No. 1:23-cv-14319, 2024 U.S. Dist. LEXIS 213002 (Alexakis, J.) (N.D. Ill. Nov. 22, 2024) ("*Schwartz*")). Two days later, Plaintiff submitted a supplemental brief in support of his Motion to Reconsider. (Dkt. 56.) The brief attached another opinion by Judge Alexakis in *Biomat v. Blocker USA, Inc.*, No. 1:24-cv-02676 (N.D. Ill. Dec. 6, 2024) ("*Blocker*"), which cited to an official transcript of the debate in the Illinois House of Representatives on Senate Bill 2979 that had been attached to a brief submitted by another law firm in another case. *See Blocker*, citing *Clay v. Union Pacific Railroad Company*, No. 24-cv-4194, Dkt. 42-1.

On January 16, 2025, Defendant filed its Response to Plaintiff's Motion. (Dkt. 64.) Plaintiff filed his Reply on January 30, 2025. (Dkt. 65.) The Reply purports to attach an audio recording of

the Illinois Senate debate on SB 2979 and a transcript of that audio recording prepared by a court reporting service retained by Plaintiff.

## ARGUMENT

### I. The Court Should Strike Plaintiff's Reply Because It Raises New Matters and Arguments for the First Time.

It is well-established that a movant may not raise new arguments for the first time in a reply. *United States v. Kennedy*, 726 F.3d 968, 974 n. 4 (7th Cir. 2013) (citing *Broaddus v. Shields*, 665 F.3d 846, 854 (7th Cir. 2011)). In his Reply, Plaintiff argues for the first time that statements made during the Illinois Senate floor debate on SB 2979 demonstrate that the Illinois legislature intended P.A. 103-0769 to substantively change the BIPA. In Defendant's view, the statements purportedly made by the Senate sponsors of SB 2979, to the extent they are accurately reflected in the transcript submitted by Plaintiff, further support this Court's conclusions that the Illinois legislature intended P.A. 103-0769 to ***clarify*** what the legislature intended with respect to the assessment of damages under the BIPA, which was plainly ambiguous and subject to conflicting interpretations at the time of the legislative action, as this Court previously held. However, putting the merits of Plaintiff's new argument to the side, the Court should not permit Plaintiff to attach this new evidence and raise new arguments relating to the Illinois Senate floor debate for the first time in reply.

In *Horvath v. Apria Healthcare, LLC*, the district court struck a reply brief that raised a new argument in support of a motion to compel arbitration and attached new affidavits in support of that argument. 2019 U.S. Dist. LEXIS 192327, *3-4 (N.D. Ill. Nov. 5, 2019). The court held that "by waiting to until its reply to submit new evidence and new arguments based on that evidence, [the movant] denied plaintiff a fair chance to respond." *Id.* As a result, the court struck

not only the untimely affidavits but also the movant's entire reply brief. *Id.* ("A lawyer who plays dirty by sneaking in new evidence disserves his clients and tarnishes his credibility.")

Here, Plaintiff concedes that, unlike the Illinois House of Representatives debate held May 16, 2024, no official legislative transcript of the April 11, 2024 Illinois Senate debate on S.B. 2979 has been released by the Illinois General Assembly. (Reply at 1, n. 1.) Plaintiff further concedes that he was only able to obtain an audio recording of the debate through murky backchannels after Defendant filed its response. (*Id.*) "A reply brief is for replying – not for sandbagging." *Horvath*, 2019 U.S. Dist. LEXIS 192327 at *3-4 (internal quotations omitted), citing *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987). To allow Plaintiff to present this purported legislative history now for the first time in his Reply denies Defendant a fair opportunity to respond to Plaintiff's arguments based thereon.

Nor did Defendant open the door to this new argument in its Response. In his Motion for Reconsideration, Plaintiff asked this Court to consider a transcript from the Illinois House of Representatives with respect to P.A. 103-0769 that had become available since the Court dismissed his case. (Dkt. 56, ¶¶ 6-8.) Specifically, Plaintiff argued that certain statements made by the bill's House sponsors during the floor debate in the Illinois House of Representatives supported Plaintiff's argument that it was intended to be a substantive amendment to the BIPA without retroactive effect.[1] (*Id.*) Plaintiff cited to the *Blocker* decision, which quoted a selective portion of the official legislative transcript of the House of Representatives debate held May 16, 2024, and which was attached to brief submitted by another firm in another case before Judge Alexakis.

[1] Defendant disputes that the transcript from the floor debate of the Illinois House of Representatives supports Plaintiff's argument or provides a basis for reconsideration of this Court's order dismissing the case. Rather, for the reasons explained by Defendant in its Response, the transcript from the House debate makes clear that SB 2979 clarified the legislature's intent regarding the assessment of damages under the BIPA.

In its Response, Defendant addressed Plaintiff's argument about P.A. 103-0769's legislative history from the Illinois House of Representatives in its analysis of the first of the three factors set forth by the Illinois Supreme Court in *K. Miller Constr. Co. v. McGinnis*, *i.e.*, "whether the enacting body declared that it was clarifying a prior enactment." 238 Ill. 2d 284, 289 (2010). (Dkt. 64, pp. 8-11.) Specifically, the Response contextualized the statements relied upon by Plaintiff and pointed to other statements made by the bill's House sponsors and other legislators which show that the bill was intended to clarify the ambiguity regarding the assessment of damages under the BIPA, which was highlighted by the Illinois Supreme Court in *Cothron* and addressed by the legislature in response to the Illinois Supreme Court's express invitation to do so. (*Id*.) Defendant attached the complete transcript from the House debate for the Court's ease of reference. (*See* Dkt. 64, Ex. A.) Defendant did not make any argument or present any evidence regarding the Illinois Senate debate.

In addition, rather than addressing head on Defendant's arguments regarding the Illinois Supreme Court's holding in *Cothron* or attempting to distinguish the case law cited in the Response demonstrating that the statutory damages section of the BIPA remained ambiguous and subject to conflicting interpretations after *Cothron*, as expressly acknowledged by the Illinois Supreme Court, Plaintiff attaches two new decisions issued by the Illinois Circuit Court of Cook County as Exhibit D and E to his Reply, neither of which were included in Plaintiff's Motion to Reconsider and which Defendant did not have the opportunity to address in its Response. As with the *Schwartz* and *Blocker* decisions upon which Plaintiff's Motion to Reconsider is based, neither of these unpublished decisions is binding on this Court. Nor does Plaintiff come forward with any authority for the proposition that two non-precedential decisions issued after this Court's ruling is a

sufficient basis for the "extraordinary remedy" of relief under Federal Rule of Civil Procedure Rule 59(e) or 60(b).

Moreover, the two new decisions issued by Illinois Circuit Court Judge Schneider and attached to Plaintiff's Reply misapply the applicable legal framework and ignore controlling precedent by jumping straight into the retroactivity analysis under *Landgraf v. USI Film Products*, 511 U.S. 244 (1994) without first considering whether P.A. 103-0769 is a clarification of legislative intent under the *McGinnis* factors rather than a substantive amendment. Defendant is being deprived of a fair opportunity to respond to the new case law and Plaintiff's arguments based thereon, which Plaintiff raises for the first time in his Reply.

Accordingly, because it is not possible to segregate the portions of Plaintiff's Reply that are premised on the four new cases or exhibits raised for the first time in his Reply, the Court should strike Plaintiff's Reply in its entirety. *See Horvath,* 2019 U.S. Dist. LEXIS 192327, *4.

## II. Plaintiff Has Not Authenticated the Audio Recording or Transcript Attached as Exhibits B and C to His Reply, Providing Separate Grounds to Strike.

The Court should also not consider the audio recording or transcript submitted by Plaintiff as Exhibits B and C to the Reply because Plaintiff has not authenticated either exhibit. On a motion to dismiss for lack of subject matter jurisdiction brought under Federal Rule of Civil Procedure 12(b)(1), the "the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007). However, to be competent evidence that can be properly considered by the Court, Plaintiff must authenticate it by "produc[ing] evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Plaintiff fails to satisfy this requirement. Plaintiff concedes that, unlike the debate in the Illinois House of Representatives, the

Illinois Senate has not released an official transcript of the debate on SB 2979, which took place on April 11, 2024. (Dkt. 65, 1.) Plaintiff states that he obtained what Plaintiff contends is "an official audio recording of the Senate debate" from another law firm, which filed the recording on behalf of its client, PowerStop, LLC, with the Circuit Court of Cook County on January 22, 2025 in Case No. 2023 L 008760, *Hamilton v. PowerStop LLC.* But neither the Reply nor PowerStop, LLC's filing explains how the law firm obtained the recording or from whom it obtained the recording. Nor does Plaintiff explain how the recording is "official," such as who made the audio recording or who authorized the recording and its distribution. As of the date of filing of this brief, the official transcript does not appear to be available on the Illinois General Assembly's website. However, the Illinois General Assembly's website expressly states that with respect to audio and video of Illinois Senate hearings, the "audio/video broadcast is the property of the Illinois General Assembly" and "[a]ny use of this broadcast without the proper written consent of the Illinois General Assembly is prohibited."[2] In sum, Plaintiff has not met his burden to explain why the audio recording and transcript are authentic, and Exhibits B and C to Plaintiff's Reply cannot be properly considered by this Court. *See* Fed. R. Evid. 901.

### III. In the Alternative, the Court Should Grant Defendant Leave to File a Sur-Reply to Address the New Matters and Arguments Raised in Plaintiff's Reply.

To the extent the Court declines to strike the Reply brief in its entirety, the Court should grant Defendant leave to file a sur-reply to address the issues raised by Plaintiff for the first time in his Reply. By waiting until his reply to submit new evidence and arguments based on that evidence, Plaintiff has improperly denied Defendant a fair chance to respond. "[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply." *Murphy v. Village of Hoffman Estates*, 1999 U.S. Dist. LEXIS 3320, *5 (N.D. Ill. Mar. 15, 1999).

---

[2] *See* https://ilga.gov/senateaudvid.asp (last accessed February 19, 2025).

The filing of a sur-reply "vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005); *see also Franek v. Walmart Stores, Inc.*, 2009 U.S. Dist. LEXIS 20361, 2009 WL 674269, at *19 n.14 (N.D. Ill. Mar. 13, 2009) (recognizing that a sur-reply is appropriate "when a moving party 'sandbags' an adversary by raising new arguments in a reply brief").

Accordingly, should the Court decline to strike Plaintiff's Reply, Defendant asks the Court to grant it leave to file a sur-reply so that it has a fair opportunity to respond to the new arguments and evidence raised by Plaintiff for the first time in the Reply. *See Univ. Healthsystem Consortium v. UnitedHealth Group, Inc.*, 68 F.Supp.3d 917, 922 (N.D. Ill. 2014) (granting non-movant leave to file sur-reply to respond to new arguments raised in reply).

## CONCLUSION

**WHEREFORE**, Defendant Central Transport LLC respectfully requests that the Court grant this Motion and enter an Order striking Plaintiff's Reply, or, in the alternative, granting Defendant leave to file a sur-reply to address the new matter raised for the first time therein. Defendant further requests that the Court grant Defendant any additional relief deemed just and appropriate.

Dated: February 21, 2025

Respectfully submitted,

**CENTRAL TRANSPORT LLC**

By: /s/ *Jason A. Selvey*
One of Its Attorneys

Jason A. Selvey
Emma R. Graham

Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Phone: (312) 787-4949
Facsimile (312) 787-4995
Jason.Selvey@jacksonlewis.com
Emma.Graham@jacksonlewis.com

**CERTIFICATE OF SERVICE**

I, Jason A. Selvey, an attorney, certify that on February 21, 2025, I caused a true and correct copy of the attached ***Defendant's Motion to Strike Plaintiff's Reply in Support of His Motion for Reconsideration or Relief from Judgment*** to be filed with the Clerk of Court using the Electronic Filing System, which will send notification of such filing to all counsel of record.

/s/ *Jason A. Selvey*