**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN GREGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:24-cv-01925 |
| v. | ) | |
| | ) | |
| CENTRAL TRANSPORT LLC, | ) | District Judge Elaine E. Bucklo |
| | ) | |
| Defendant. | ) | Magistrate Judge Gabriel A. Fuentes |

**DEFENDANT'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION**
**TO RECONSIDER, ALTER OR AMEND A JUDGMENT UNDER RULE 59(e)**
**AND FOR RELIEF FROM A JUDGMENT OR ORDER UNDER RULE 60(b)**

Defendant Central Transport ("Defendant"), pursuant to the Court's February 25, 2025

Minute Entry (Dkt. 73), respectfully submits its Sur-Reply to Plaintiff's Reply in Support of his

Motion to Reconsider, Alter or Amend a Judgment Under Rule 59(e) and for Relief from a

Judgment or Order Under Rule 60(b) (the "Reply," Dkt. 65).

Jason A. Selvey
Emma R. Graham
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Phone: (312) 787-4949
Facsimile (312) 787-4995
Jason.Selvey@jacksonlewis.com
Emma.Graham@jacksonlewis.com

## INTRODUCTION

In his Reply, Plaintiff argues: (1) the floor debates on Public Act ("P.A.") 103-0769 demonstrate it is a substantive change to the Illinois Biometric Information Privacy Act ("BIPA"), which the Illinois legislature intended to apply on a prospective basis only; and (2) this Court was wrong when it concluded that P.A. 103-0769 is a legislative clarification of the BIPA because other courts have reached a different conclusion. These arguments lack merit.

*First*, even if this Court were to consider an unofficial transcript of the debate from the Illinois Senate, the debates in both chambers of the Illinois legislature include statements by the bill's sponsors that it was passed at the invitation of the Illinois Supreme Court to clarify legislative intent regarding the assessment of damages.[1] Moreover, the debates demonstrate that the legislature did not intend to "abrogate" *Cothron*, as *Schwartz v. Supply Network, Inc*., 2024 U.S. Dist. LEXIS 213002 (N.D. Ill. Nov. 22, 2024) and a handful of decisions citing it with little additional analysis erroneously held. The legislative history of P.A. 103-0769 supports this Court's conclusion that it is a clarification and applies "as if the amendment has been in place all along." *Gregg v. Cent. Trans. LLC*, 2024 U.S. Dist. LEXIS 206003, at ** 5, 8 (N.D. Ill. Nov. 13, 2024).

*Second*, Plaintiff's citation to other courts, including a few decisions adopting the flawed *Schwartz* analysis, is also unavailing. None are binding, and none demonstrate that this Court misapplied controlling legal principles. As such, they provide no basis for extraordinary relief under Rule 59(e) or Rule 60(b).

---

[1] Defendant cites the unofficial Senate debate transcript with Plaintiff's reply to respond to Plaintiff's new arguments based on it. Defendant does not acknowledge that transcript is accurate or was properly obtained.

## ARGUMENT

**I.  The Legislative History Makes Clear That P.A. 103-0769 Is a
    Legislative Clarification of the Original Meaning and Intent of the BIPA.**

Plaintiff begins his Reply with a misleading statement: "Since the legislative history in the House became available, every court that has addressed the temporal reach of SB 2979 has held that the Amendment is a change in law, and thus applies only prospectively." (Reply at 3.) Plaintiff cites *Giles, et al. v. Sabert Corp.*, 24-cv-02996, 2025 U.S. Dist. LEXIS 12888 (N.D. Ill. Jan. 21, 2025); *Paniagua v. Blommer Chocolate*, 2024 L 4347 (Cir. Ct. Cook Cty., Ill. Dec. 17, 2024); and *Marshall, et al. v. Grand Ave. Mgr. VII LLC*, 2024 L 004745 (Cir. Ct. Cook Cty., Ill. Jan. 13, 2025). He suggests each decision held that the legislative history demonstrates that P.A. 103-0769 was intended to substantively change the law as reflected in *Cothron*. However, none of those decisions ***even mentions*** the legislative history of P.A. 103-0769, let alone contains such a holding.

To the contrary, the legislative history of P.A. 103-0769 makes clear that it was intended to ***clarify*** the original intent of the BIPA with respect to the assessment of damages. In light of the ambiguity noted by the Illinois Supreme Court, it expressly invited the legislature to "make clear its intent regarding the assessment of damages under the Act," which it did in enacting P.A. 103-0769, as the statements of the bill's sponsors confirm. 2023 IL 128004, ¶ 42; Dkt. 65-1, p. 44; Dkt. 65-2, p. 3.  They declared that P.A. 103-0769 was intended to ***clarify*** the damages provision of the BIPA. Representative Ann Williams, the House sponsor of the bill stated: "This Bill is simply a response to the Court's invitation to address liability, ***clarify the intent*** *that we have regarding damages for each violation*." (Dkt. 65-1, PageID # 385) (emphasis added). Similarly, Senator William Cunningham, the Senate sponsor stated: "The [Illinois Supreme] Court said 'We respectfully suggest that the legislature review these policy concerns and make clear its intent regarding the assessment of damages under the Act.' ***This bill is a response to that invitation, and***

*it seeks to **clarify the damages portion of this law***[.]" (Dkt. 65-2, PageID # 399). Thus, the first factor set forth by the Illinois Supreme Court in *K. Miller Constr. Co. v. McGinnis* is satisfied because it is clear that the legislature expressly "declared that it was clarifying a prior enactment." 938 N.E. 2d 471, 482 (Ill. 2010).

Plaintiff argues that statements from the bill's sponsors about retroactivity are dispositive. Not so. Simply because the legislature chose not to include a retroactivity provision in P.A. 103-0769 has no bearing on whether it is a clarification of legislative intent. As this Court held in this case, "there is no need to determine whether the amendment should have retroactive effect because it is as if the amendment has been in place all along." *Gregg,* 2024 U.S. Dist. LEXIS 206003 at *5. Thus, because the Illinois legislature intended P.A. 103-0769 as a clarification of its original intent, there was no need to include language about retroactivity.

Moreover, the bill's sponsors recognized the ambiguity with regard to the assessment of damages under Section 20 of the BIPA – another *McGinnis* factor weighing in favor of this Court's holding. Senator Cunningham stated in the transcript appended by Plaintiff to his Reply that there was a "dispute over the way liability accrues," addressed in *Cothron.* He went on to say: "This bill is a response to th[e] invitation [from the Illinois Supreme Court] and it **seeks to clarify the damages portion of this law** in the manner I just suggested." *Id.* (emphasis added). Thus, as both Senator Cunningham and the Illinois Supreme Court recognized, after the holding regarding claim accrual in *Cothron*, it was unclear whether the legislature intended to authorize liquidated damages on a per-scan basis. As the Illinois Supreme Court recognized, interpreting the BIPA in that way could result in financial ruin for businesses even though "there is no language in the Act suggesting legislative intent to authorize a damages award that would result in the financial destruction of a business." 2023 IL 128004, ¶ 42. The legislative history makes clear that this was never the

legislature's intention.  As both sponsors confirmed, P.A. 103-0769 "clarify[ies] [legislative] intent[ ] that the availability of discretionary liquidated damages serves to deter future violations without destroying a defendant's business." (Dkt. 65-1, pg. 44; Dkt. 65-2, pg. 3.)

Crucially, nowhere is there a statement of the intent to "abrogate" *Cothron*.  As such, the *People v. McChriston* decision relied upon by Plaintiff is distinguishable. 2025 IL 115310. There, the Illinois Supreme Court found that the legislative history of a statutory amendment made clear it was a *substantive* change where a representative stated that under the earlier version of the statute, which related to mandatory supervised release ("MSR") for convicted criminals, judges were "not required" to include the length of the MSR in sentencing orders and the purpose of the amendment was to explicitly require it.  *Id.* at ¶ 21.  There is nothing like that in the legislative history of P.A. 103-0769. Rather, it includes statements by legislators that the bill *clarifies* intent.

## II. The New District Court and Illinois Circuit Court Decisions Do Not Provide a Basis for the Court to Vacate Its Order Dismissing Plaintiff's Case.

Plaintiff relies upon decisions from the Circuit Court of Cook County and a recent decision from this District which held that P.A. 103-0769 does not apply to cases filed before the bill was enacted. None of the decisions are binding or provide a basis for this Court to reconsider its decision. As Defendant previously demonstrated, non-controlling precedent cannot provide the basis for relief under Rule 59(e) or 60(b). (Resp. at 5-6.) Notably, Plaintiff has never cited any authority supporting the proposition that such decisions are a sufficient basis for the extraordinary relief he requests. Further, even if the Court considers these non-binding cases, they do not provide justification for the Court to vacate its holding that P.A. 103-0769 is a legislative clarification of the original meaning of BIPA.

*First,* neither *Pangaigua* nor *Marshall* analyze whether P.A. 103-0769 is a legislative clarification under the *McGinnis* factors. Rather, both start from the assumption that P.A. 103-

4

0769 is a change in law and analyze whether it applies retroactively under *Landgraf v. USI Film Products*, 511 U.S. 244, 264 (1994). Accordingly, neither decision is sound because they skip the first step of the framework which Plaintiff concedes is applicable.

     *Second*, *Giles* and *Hawkins* merely adopt the flawed *Schwartz* analysis without any further reasoning. For example, in *Giles,* the court relied on the flawed conclusion in *Schwartz* that "the Illinois Supreme Court in *Cothron* reasoned that BIPA was unambiguous, with the language of Public Act 103-0769 supporting that it effected a change, not a clarification, in the law." *Giles,* 2025 U.S. Dist. LEXIS 12888, at *11, *citing Schwartz,* No. 23 CV 14319, 2024 WL 4871408, at *2-5. *Hawkins* was premised on the same flawed reasoning. However, as this Court correctly held in this case, while *Cothron* found the issue of ***claim accrual*** under the BIPA unambiguous, it found the issue of ***damages*** was ambiguous. *Gregg,* 2024 U.S. Dist. LEXIS 206003 at *5-6 (noting the Illinois Supreme Court's invitation to the legislature to "make clear its intent regarding the assessment of damages under the Act" "underscores that the question of BIPA damages was at least ambiguous; if it were not, there would be no point in asking for legislative clarification"); *see also Hayes v. CGB Enters., Inc.*, No. 23-cv-03296 (C.D. Ill. July 25, 2024) ("[P.A. 103-0769] speaks to the assessment of damages, not to when BIPA claims accrue"). There is simply no basis for the Court to conclude that P.A. 103-0769 was intended to change when a claim accrues under the BIPA, which was the singular question before the Illinois Supreme Court's in *Cothron*.

<u>**CONCLUSION**</u>

     For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion and grant Defendant any additional relief deemed just and appropriate.

Dated: March 10, 2025                   Respectfully submitted,

                                     **CENTRAL TRANSPORT LLC**

By:    /s/ *Jason A. Selvey*
        One of Its Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I, Jason A. Selvey, an attorney, certify that on March 10, 2025, I caused a true and correct copy of the attached ***Defendant's Sur-Reply in Opposition to Plaintiff's Motion to Reconsider, Alter or Amend a Judgment Under Rule 59(e) and for Relief from a Judgment or Order Under Rule 60(b)*** to be filed with the Clerk of Court using the Electronic Filing System, which will send notification of such filing to all counsel of record.

<u>/s/ *Jason A. Selvey*</u>