IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| John Gregg, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 24 C 1925 ) ) |
| Central Transport LLC, | ) ) |
| Defendant. | ) |

Order

In this suit under the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq.*, I concluded that a recent amendment to the BIPA, Public Act (or "PA") 103-0769, did not amount to a change in the law but rather clarified the legislature's original intent regarding damages. Accordingly, I held that the amendment applied to cases such as this that were pending at the time of its enactment. *See Gregg v. Cent. Transp. LLC*, No. 24 C 1925, 2024 WL 4766297 (N.D. Ill. Nov. 13, 2024). Consequently, I dismissed the suit, concluding based on the amendment's text that plaintiff John Gregg was entitled to, at most, "one recovery" under the statute and thus could not satisfy the amount-in-controversy requirement of diversity jurisdiction. *See id.*

Since then, other courts in this district have considered the impact of PA 103-0769 and reached the opposite conclusion, holding that it was intended to change the existing law and applied only to cases filed after its effective date. *See, e.g.*, *Schwartz v. Supply Network, Inc.*, No. 23 CV 14319, 2024 WL 4871408 (N.D. Ill. Nov. 22, 2024); *Giles v. Sabert Corp.*, No. 24 C 2996, 2025 WL 274326 (N.D. Ill. Jan. 21, 2025). In light of these cases, Gregg moves for reconsideration under Federal Rule of Civil Procedure 59(e),[1] which allows a court to alter or amend a judgment "when there is newly discovered evidence or there has been a manifest error of law or fact." *Emerson v. Dart*, 109 F.4th 936, 943 (7th Cir. 2024) (citation and internal quotation marks omitted). Because upon further consideration, I am persuaded that the better interpretation of the amendment is that it effected a change in the law, I grant Gregg's motion.

In *Cothron v. White Castle System, Inc.*, 216 N.E.3d 918 (Ill. 2023), the Illinois Supreme Court resolved a certified question concerning the accrual of claims under the BIPA. Specifically the Seventh Circuit asked the court to answer the question: "Do section 15(b) and 15(d) claims accrue each time a private entity scans a

---

[1] Gregg also brings his motion under Rule 60(b), but because he has filed the motion within 28 days of the judgment and because Rule 59(e), not Rule 60(b), allows consideration of claimed errors of law, the Rule 59(e) standard controls. *See Obriecht v. Raemisch*, 517 F.3d 489, 493–94 (7th Cir. 2008).

person's biometric identifier and each time a private entity transmits such a scan to a third party, respectively, or only upon the first scan and first transmission?" *Id.* at 920. It held that "a separate claim accrues under the [BIPA] each time a private entity scans or transmits an individual's biometric identifier or information in violation of section 15(b) or 15(d)." *Id.* Recognizing that this conclusion raised the prospect of "potentially excessive damage awards," the court "respectfully suggest[ed] that the legislature review these policy concerns and make clear its intent regarding the assessment of damages under the [BIPA]." *Id.* at 929.

The Illinois legislature subsequently passed PA 103-0769, which states:

> (b) For purposes of subsection (b) of Section 15, a private entity that, in more than one instance, collects, captures, purchases, receives through trade, or otherwise obtains the same biometric identifier or biometric information from the same person using the same method of collection in violation of subsection (b) of Section 15 *has committed a single violation* of subsection (b) of Section 15 for which the aggrieved person is entitled to, at most, one recovery under this Section.

> (c) For purposes of subsection (d) of Section 15, a private entity that, in more than one instance, discloses, rediscloses, or otherwise disseminates the same biometric identifier or biometric information from the same person to the same recipient using the same method of collection in violation of subsection (d) of Section 15 *has committed a single violation* of subsection (d) of Section 15 for which the aggrieved person is entitled to, at most, one recovery under this Section regardless of the number of times the private

3

>    entity disclosed, redisclosed, or otherwise disseminated the same biometric identifier or biometric information of the same person to the same recipient.

PA 103-0769 (emphasis added).

I previously construed PA 103-0769 as a narrow response to the court's invitation in *Cothron* to clarify ambiguity in the statutory text concerning the scope of recovery available for a violation. Having considered the issue further, however, I now conclude that the legislature responded to *Cothron* more broadly. It did not merely clarify that an aggrieved person is entitled to only one recovery; it actually narrowed the scope of what constitutes a "violation." Following the *Cothron* court's determination that "a separate claim accrues under the Act each time a private entity scans or transmits an individual's biometric identifier or information in violation of section 15(b) or 15(d)," 216 N.E.3d at 920, the legislature amended the text to provide that regardless of how many times an entity obtains, collects, etc., the biometric information of a particular individual using a particular method (or engages in the conduct addressed by section 15(d)), its conduct amounts to a "single violation." The inherent conflict between the amended provision and the *Cothron* court's interpretation of the original statute suggests that the legislature indeed intended to change, not clarify, the original law.

4

Accordingly, I must proceed to the next step in the analysis and examine whether the change applies retroactively. This inquiry also begins with the question of legislative intent. Where, as here, the legislature has not expressly indicated its intent, Section 4 of the Illinois Statute on Statutes provides a default rule: "amendments that are 'procedural in nature may be applied retroactively, while those that are substantive may not.'" *Schwartz*, 2024 WL 4871408, at *4 (quoting *People ex rel. Madigan v. J.T. Einoder, Inc.*, 28 N.E.3d 758, 766 (Ill. 2015)).

As the court explained in *Schwartz*, "[a] substantive change in the law establishes, creates or defines rights," while "a procedural change in the law prescribes a method of enforcing rights or involves pleading, evidence and practice." *Id*. (quoting *Deicke Ctr. v. Ill. Health Facilities Plan. Bd.*, 906 N.E.2d 64, 67, 68 (Ill. App. Ct. 2009)). While the line between substance and procedure can sometimes be unclear, I agree with the *Schwartz* court's view that "the basic question of whether [the plaintiff] has been injured just once or injured more than a thousand times" is one of substance. *Id.* at *5. Because the change PA 103-0769 effected is substantive and the legislature did not expressly provide that it would apply retroactively, I conclude that it applies only prospectively. Accordingly, Gregg's BIPA claim is governed by the version of the statute in effect at the time his

5

complaint was filed, and his alleged damages satisfy the jurisdictional minimum.

For the foregoing reasons, Gregg's motion to reconsider is granted. My order and opinion of November 13, 2024, is vacated, and the case is reopened.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 21, 2025